UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

    vs.

MARTAZE DAVIS,

                Defendant.

Case No. 24-cr-20054
Hon. Sean F. Cox

/

## DEFENDANT MARTAZE DAVIS' SENTENCING MEMORANDUM

Defendant pled guilty to a Rule 11 Plea Agreement in which the parties agreed the base offense level is 38 and the government recommends the sentence not exceed the bottom of the guideline range as determined by the Court. At the time of discussion about a resolution both the defense and the government anticipated a lower guideline range than that calculated by Probation. The government represents that it will be asking for a downward variance for a variety of reasons. Moreover, the Probation Department calculates the advisory guideline range as 360-life because their assessment of Criminal History (8 points) is Category IV. Defendant believes the Criminal History Category more appropriately resembles Category II because it has been overrepresented. The Guidelines permit this USSG § 4A1.3(b)(1).

As noted, the 3 points were given for robbery armed which occurred when Defendant was a minor, only 16 years old.[1]  As reflected in paragraph 37 Martaze Davis was one of four participants.  His culpability was less because it was one of the others who produced a handgun.  Two more points were awarded based upon two convictions for simple possession of marijuana.  In one case the plea was under M.C.L. 333.7411, a $750 fine was paid immediately and the case dismissed that day.  In the other case a deferred sentence of probation was given, completed successfully and the charge dismissed.  Given the sentences and small amount of marijuana for personal use the adverse impact here should not be so great.  This is especially true where the substance is now legal, and that legalization followed years of public advocacy and debate.

The Report at p. 15 para. 59 references a 4-year period of sexual abuse and Mr. Davis declining to discuss it.  Then there is reference to an MDOC Presentence Report (2007) which includes denial.  The Probation Officer seems to be insinuating that no abuse happened.  This is startling wrong and ignorant.

---

[1] Young age contributes to a valid claim of overrepresentation. *See, e.g. United States v. Pineda*, No. 2:15-cr-84-RMP (E.D. Wash. Feb. 10, 2016); *United States v. Nowicki*, 252 F. Supp. 2d 1242 (D.N.M. 2003).  The United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012) recognized that children 17 and under are different than adults.  The features of adolescent brain development have diminished culpability. *See also, Montgomery v. Louisiana*, 577 U.S. 190 (2016).

First of all, counsel would suggest that the reality is that such state reports written in the past are notoriously wrong and frequently inaccurate.[2]  This Court has personally learned the remarkable difference in state and federal reports.

Those MDOC reports are generally written in haste.  And the one in question was written when Defendant was only 16.  More importantly it is a well-established reality that males generally underreport these experiences.[3]

Finally, it is noted that para. 65, p. 17 does indicate that Defendant "received mental health counseling at the Guidance Center in Detroit, Michigan briefly at age 15 . . .."  And again, we are left to wonder about the prior MDOC report because records were requested but supposedly never received.[4]

Section 5K2.0 of the Sentencing Guidelines provides this Court with discretion to depart from guidelines when there exists an aggravating or mitigating circumstance not adequately taken into account by the Sentence Commission.

---

[2] The legion of Michigan appeals cases raising issues of reporting errors is some indication.

[3] "Limited attention has been given to sexual male violence." "Society's stigma, the cultural norms and the stigma of homosexuality act as a catalytic generator that restrain male victims from disclosing . . .."  Center for African Justice, Peace and Human Rights, *Sexual Male Violence:  Why Don't Men Speak Up?*  Retrieved December 20, 2024, from https://centreforafricanjustice.org/sexual-male-violence-why-dont-men-speak-up/; Psychology Today, Romeo Vitelli Ph.D., *Why Aren't Male Victims of Sexual Abuse Speaking Out?*  Retrieved December 20, 2024, from https://www.psychologytoday.com/us/blog/media-spotlight/202004/why-arent-male-victims-of-sexual-abuse-speaking-out.

[4] Counsel is unaware of any effort by federal probation.

Mental and emotional conditions may generally not be relevant, Section 5H1.3. However, the Guidelines do not specifically address the issue of childhood abuse. *United States v. Roe*, 976 F.2d 1216 (9th Cir. 1992). A number of circuits have allowed for downward departures in circumstances where there has been extreme childhood abuse. *United States v. Rivera*, 192 F.3d 81 (2nd Cir. 1999), cert. denied sub nom. *Mendez v. United States*, 528 U.S. 1129 (2000); *United States v. Roe, supra*; *United States v. Deigert*, 916 F.2d 916 (4th Cir. 1990); *United States v. Vela*, 927 F.2d 197 (5th Cir. 1991); cert. denied, 502 U.S. 875 (1991).

In *Rivera, supra* at 85 the Second Circuit was unequivocal stating "[i]t seems beyond question that abuse suffered during childhood – at some level of severity – can impair a person's mental and emotional conditions."[5]

Defendant for the same reasons that inhibited him from a full descriptive account to Probation is apprehensive of setting out the body of facts in this publicly available memorandum but stands ready to make a proffer as part of his allocution with an accompanying request it be sealed.[6]

Martaze Davis has been in a stable relationship with Rochonda Reynolds for more than a decade and they have three children. Report p. 16, para. 61. Their two oldest boys were each diagnosed with autism. The oldest, Martaze, Jr. suffers most

---

[5] Nor is departure precluded by Section 5H1.12. See e.g. *United States v. Ayers*, 971 F. Supp. 1197 (N.D. Ill. 1997).

[6] These circumstances are also highly relevant to a Section 3553(a) variance analysis.

severely.  (**Exhibit 1**, Letter of Rochonda Reynolds) Mr. Davis and his life partner went from pediatrician to pediatrician seeking help for their son who initially declined to eat solid foods and then refused to eat at all.  Malnutrition, dehydration and emergency surgery in October 2021 followed for insertion of a feeding tube which is still used.  The extreme travail is set out in Ms. Reynolds letter as well as Mr. Davis' critical role and support.   Their youngest son also suffers and has regressed since his father's incarceration.

Ms. Reynolds' earlier letter to the Court describes separate difficulties with his teenage daughter from a prior relationship.  Mr. Davis is a responsible and loving parent and as the Court knows granted full physical and legal custody with her mother having no visitation.[7]  The Presentence Report p. 16, para. 62 sets forth the circumstances which are then further amplified by Ms. Reynolds.  (Exhibit 1)

Ms. Reynolds characterization of Martaze as an "outstanding father" is certainly no hyperbole.   It seems beyond question he loves his children and distinguishes himself from so many other disengaged fathers this Court has likely seen.

The letter from Mr. Davis' mother (**Exhibit 2**, Letter of Laura Johnson), underscores this point and also tells us he is a loving son.  He provides physical

---

[7] A legal reality which speaks positively and loudly for Mr. Davis but not his daughter's mother.

presence and hands on care not only to his children but to her as well as she struggles with acute health problems.  Both Mrs. Johnson and her husband are stroke victims.

All of these circumstances weigh heavily on Mr. Davis and there is now a strong resolve to live a lawful life following his incarceration.

**Exhibit 3**, Letter of Jim Jones III, supports not only the other writers but reveals that Martaze Davis has a generous heart.  He enrolled his daughter in the same school as Mr. Jones' stepdaughter and provided regular transportation.  Unlike so many others he is no absentee parent or distant friend.  He is not selfish but considerate and always extends a helping hand.

Martaze Davis has also contributed in all ways possible to Mr. Jones' established "Coats for Kids."  (Exhibit 3)

Martaze Davis has many reasons to remain trouble free after release from custody.  These include not only his personal relationship, his parental responsibility, responsibility as a son but also the organizational support he has.  (**Exhibit 4**, Letter of Tachelle Harris)

Whether his mother gets her wish to live long enough to see her son free from incarceration is a great unknown, but Mr. Davis' resolve and successful rehabilitation are not.  That was indicated in some measure from the start of this case, including his willingness to enter a plea to money laundering which the investigation lagged.

There was no stonewalling, or delay by motions or procedure.  It is anticipated the government will make a positive note of that reality.

For all these reasons Defendant believes that imposition of the mandatory minimum sentence is sufficient, and a greater sentence would be unnecessary.  Also, the Report makes clear that recommendation to a facility with a residential drug treatment program is eminently reasonable.[8]

Defendant asks this Court to impose a sentence of ten (10) years imprisonment.

We thank the Court for its time and consideration.

Respectfully submitted,

*s/ Steven E. Scharg*
Steven E. Scharg
615 Griswold, Suite 1120
Detroit, MI 48226
313-300-0214
313-962-4090
Attorney for Defendant
Dated:  January _____, 2025      Scharg1924@gmail.com

---

[8] It is quite possible that the extensive period of childhood abuse and the obvious substance abuse problem may be related.

## CERTIFICATE OF SERVICE

I hereby certify that on _____, 2025, I electronically served the foregoing paper on all counsel of record.

s/ Steven E. Scharg
Steven E. Scharg
Attorney for Defendant