UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARTAZE DAVIS,

    Defendant.

_____/

Case No. 24-cr-20054
Hon. Sean F. Cox

# GOVERNMENT'S MOTION FOR DOWNWARD VARIANCE

The United States of America asks the Court for a downward variance and to sentence Martaze Davis to 288 months (24-years) of imprisonment. The government's motion is based on the accompanying brief.

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191

Dated: February 21, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 24-cr-20054
        Hon. Sean F. Cox

MARTAZE DAVIS,

        Defendant.

_____/

**BRIEF IN SUPPORT OF GOVERNMENT'S MOTION FOR DOWNWARD VARIANCE**

**I.   Factual Background**

*Late-October 2023 Seizure*

On or about October 21, 2023, Martaze Davis and codefendant Alexander Polanco discussed drugs being brought over the border from Mexico to the United States. *See* PSR ¶ 13. Shortly thereafter, on October 23, 2023, Davis directed codefendant Taneeya Richard to rent a car in California to transport drugs. *See id.* at ¶ 14. Showing familiarity with the task that she was about to undertake, Richard asked Davis, "how much we talking about." On October 24, 2023, Richard explained to Davis that she was having challenges renting a car, and, separately,

codefendant Dejon Howard-Henderson texted several people asking for help renting a car. *See id.* Eventually, Richard was able to rent a car. *See id.*

After the car was rented, Davis and Polanco conspired with others to load the rental car, occupied by Richard and Howard-Henderson, with drugs. *See id.* at ¶ 15. Richard and Howard-Henderson then began driving east from Los Angeles to Detroit. *See id.*

On October 25, 2023, Richard and Howard-Henderson's car was traffic stopped and searched in Texas. *See id.* at ¶¶ 16, 18. During the traffic stop, Richard admitted that the car contained a large quantity of drugs and acknowledged her guilt, stating to the officer "I'm in trouble for it ain't I." *See id.* at ¶ 17. Officers located six duffle bags in the trunk, four of which were found to contain approximately 29 packages holding a total of 38.9 kilograms of actual methamphetamine. *See id.* at ¶ 17. A photo of the seized drugs is shown below.

**Exhibit 1:** 38.9 kilograms of actual methamphetamine seized on October 25, 2023.



*Money Laundering Facts*

During the conspiracy, Davis laundered drug cash proceeds through his personal and business bank accounts. *See id.* at ¶ 20. In total, for just 2023, $145,989.00 in cash was deposited into accounts. *Id.* As an example, on September 26, 2023, Davis deposited $1,500.00 in cash into his business account. *See id.*[1] He knew the $1,500.00 were

---

[1] The government asserts that the PSR at ¶ 20 erroneously states "October 26, 2023," when the actual date, as described in the plea agreement, is "September 26, 2023." *See* Plea Agreement, ECF No. 61, PageID.164.

3

proceeds of drug sales but he intended for that transaction to appear as if the funds represented proceeds of a legitimate business. *Id.*

*Additional Drug Trafficking Facts*

Evidence of Davis's drug trafficking proceeded the late-October 2023 seizure. For example:[2]

Davis's phone, seized in 2017 (as part of EDMI Case No. 17-cr-20542), contained photos of several firearms, Davis with firearms, and money consistent with drug trafficking, some of which are shown below.

---

[2] The following information that is dated in 2023 was contained in affidavit(s) previously provided to defense counsel during discovery.

4

**Exhibit 2:** Photo of firearms and money on Davis's phone seized in 2017.



**Exhibit 3:** Photo of money on Davis's phone seized in 2017.



On April 25, 2023, Davis was traffic stopped in Ohio driving from West Virginia to Detroit. $26,540 in United States Currency and several phones were seized – consistent with drug trafficking.

On August 13, 2023, Davis and Darrell Massey (a West Virginia-based drug distributor who has since been indicted in the Southern District of West Virginia) discussed a shipment of drugs Massey

6

received from Davis, the amount Massey paid for it, and a portion of the shipment that Massey apparently did not initially find in a trap vehicle. A portion of the DEA Special Agent's affidavit describing the intercepted call is provided below.

**Exhibit 4:** Excerpt of affidavit re shipment.

> towards this load. MASSEY conceded and stated "I see twenty of them then […] That's just what it is. But the other one is still in the car," which I believe to mean MASSEY agreed there was more of the load that was still in the car that was not initially retrieved. MASSEY further explained when he stated "that's why I was calling, like how you do it, so I can know how to stash them." I believe MASSEY wanted to know how DAVIS stashes the loads so he can know how to retrieve them from the load vehicles without missing anything for future reference and learn from DAVIS. Based on my knowledge of trap compartments and natural

On September 20, 2023, Reginald Morris (since indicted in EDMI Case No. 24-cr-20048) and Massey discussed Davis as a new source of methamphetamine. A portion of the DEA Special Agent's affidavit describing the intercepted call is provided below.

7

**Exhibit 5:** Excerpt of affidavit re methamphetamine source.

> enforcement or occurred over FaceTime, etc. Investigators know DAVIS goes by TWIN. DAVIS posts pictures of himself on his Instagram account with the account name @42twin, as described further below. On September 20, 2023, MASSEY and MORRIS discuss a source of methamphetamine who uses the name "Twin" and has a 951-area code phone number, which investigators believe to be DAVIS, as described further below. Toll analysis of **Target Telephone 2** also showed it

*42 Hustle Boys Leadership*

Davis was identified as the leader of the Detroit-based gang / drug trafficking organization, the 42 Hustle Boys, which supplied multi-pound quantities of methamphetamine to West Virginia, as well as having operations in Ohio and Tennessee. *See* PSR ¶ 12. A portion of the DEA Special Agent's affidavit describing Davis's gang involvement is provided below.

8

**Exhibit 6:** Excerpt of affidavit re 42 Hustle Boys leadership.

> 19. Martaze DAVIS (DOB: ███████) has a current address of ███████████████, Shelby Township, Michigan. Martaze DAVIS, along with his brother Micheal DAVIS, are leaders within a Detroit, Michigan based gang identified as the 42 Hustle Boys. The 42 Hustle Boys gang has been involved with both violent crimes and drug trafficking operations. Martaze DAVIS is also identified as a multi-pound crystal methamphetamine source of supply for Derrell MASSEY, a leader of a Huntington, West Virginia DTO. In addition to Michigan and West Virginia, the DAVIS DTO has operations in Ohio and Tennessee. DAVIS has a criminal history including Armed Robbery in December 2007 and Unlawful Transportation of a Firearm in August 2017.

The 42 Hustle Boys and the Seven Mile Bloods have endured a longstanding and deadly feud, which included a July 14, 2014 shooting personally involving Davis and Cory Crawford (charged in an Information in EDMI Case No. 24-cr-20654 for, on or about November 15, 2023, illegally possessing a firearm, unrelated to July 14, 2014). A portion of the DEA Special Agent's affidavit describing the July 14, 2014 shooting is provided below.

**Exhibit 7:** Excerpt of affidavit re July 14, 2014.

> law enforcement. For example, CRAWFORD and DAVIS were both interviewed as witnesses of a drive-by shooting they were involved in and victims of on July 14, 2014. During this shooting, Martaze DAVIS' twin brother Michael Davis was shot and another passenger, ▇, was killed. Further investigation of this incident revealed that this incident was gang-related retaliation shooting between the Seven Mile Bloods and the 42 Hustle Boys. The notes provided from the interview showed that CRAWFORD and DAVIS appeared to provide investigators with short answers or were not truthful in their interviews. In the interview

This July 14, 2014 shooting, other shootings, and the increasing rivalry between the 42 Hustle Boys and the Seven Mile Bloods were prominently featured during the Billy Arnold trial (EDMI Case No. 20-cr-20187) heard before this Court in late-2023.

Davis's leadership role in the 42 Hustle Boys gang is corroborated by the tattoo on his chest and paragraph 52 of his October 15, 2019 Presentence Report (EDMI Case No. 17-cr-20542) that states that Davis reported that his entire upper torso is covered with tattoos, including "Hustle Boys" across his chest, as also shown in the below photo.

**Exhibit 8:** Photo of Davis with "Hustle Boys" tattoo.



## II. Procedural History

On January 25, 2024, Davis was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute a controlled substance. ECF No. 1. On February 13, 2024, he made his initial appearance, was arraigned in the indictment, and was temporarily detained. On February 15, 2024, after a detention hearing, he was detained. ECF No. 25.

On August 1, 2024, Davis was charged in a two-count information with conspiracy to distribute and possess with intent to distribute a controlled substance and laundering of monetary instruments. ECF No. 59. On the same day, he was arraigned on the information. Detention was continued.

On August 2, 2024, Davis pled guilty to both counts in the information pursuant to a Rule 11 Plea Agreement. *See* ECF No. 61. In the Rule 11 Plea Agreement, the parties agreed to a base offense level on Count One of 38 and the government agreed that the sentence of imprisonment not exceed the bottom of the guideline range as

12

determined by the Court. *Id*. On the same day, the Court took Davis's motion for bond under advisement. *See* ECF No. 50.

On August 20, 2024, the Court issued an Opinion and Order denying Davis's motion for bond. ECF No. 69.

### III. Guideline Range and the Parties' Recommendation

Probation correctly calculated a total offense level of 39 (38 base offense level plus 2 because also convicted under 18 U.S.C. § 1956 plus 2 for role in the offense minus 3 for acceptance of responsibility) and a criminal history of IV, which yields a guideline range of 360 months to life.

The government notes that absent the "plus 2 because also convicted under 18 U.S.C. § 1956" the total offense level would have been 37, which, with a criminal history of IV, would have yielded a guideline range of 292 to 365 months.

The government also notes that its requested sentence of 288 months is below the bottom of both above-referenced ranges.

13

## IV. Most Pertinent Section 3553(a) Sentencing Factors

### A. *Nature and circumstances of the offense – 18 U.S.C. § 3553(a)(1)*

Davis was the leader of a Detroit-based gang / drug trafficking organization (DTO) that transported large amounts of Mexican-based methamphetamine from California across the United States into, at a minimum, Michigan and West Virginia. The DTO was a known source of supply to at least one other DTO, the West Virginia-based Darrell Massey DTO.

Davis distanced himself from the cross-country transportation of the methamphetamine by employing and directing couriers to handle that task (and accept that risk). The operation was continuous and ongoing, as indicated by (1) photos from Davis's phone seized in 2017 (showing suspected drug proceeds and firearms), (2) a traffic stop in April 2023 (with suspected drug proceeds), (3) intercepted communications in August 2023 (discussing methamphetamine that Davis recently shipped to Darrell Massey), (4) intercepted communications in September 2023 (Reginald Morris and Darrell Massey discussing Davis as a new source of methamphetamine), and (5)

14

intercepted communications in late-October 2023 (courier Taneeya Richard discussing the pending transport and showing familiarity with the task that she was about to undertake).

Proceeds from the methamphetamine that Davis distributed funded and sustained the street gang that he led. In other words, Davis delivered large amounts of dangerous methamphetamine that endangered users *and* used proceeds from such distribution to fund and sustain the 42 Hustle Boys that endangered rival gangs and the public.

The nature and circumstances of the offense weighs in favor of a significant sentence.

### B.   *History and characteristics of the defendant – 18 U.S.C. § 3553(a)(1)*[3]

Davis's acceptance of responsibility in this case (i.e., guilty plea) occurred relatively quickly, given the amount of discovery and

---

[3] Davis's sentencing memo criticizes the U.S. Probation Officer for noting the absence of sexual abuse allegations in a December 3, 2007 MDOC Presentence Report (PSR ¶ 59) and for not receiving records from the Guidance Center in Detroit, Michigan (PSR ¶ 65). The government asserts that, in addition to U.S. Probation's request for such records, Davis's counsel could also request such records and provide them to the Court and the government (under seal if desired).

15

seriousness of the charges. The guideline range appropriately reflects Davis's acceptance of responsibility.

Davis's sentencing memo references his positive character as a father and son. ECF No. 125. The government concedes that such character is commendable; however, those relationships (as a father and son) existed during the long period during which Davis also chose to lead the 42 Hustle Boys, source Mexican-based methamphetamine, employ couriers, and distribute large amounts of methamphetamine.

Davis's criminal history includes felony armed robbery (2007) and felon in possession (2019). His adjustment to supervision (after being released from custody after his felon in possession conviction) included several violations, including leaving the district without permission, incurring new criminal activity (in Ohio and the instant federal offense), struggling to maintain verifiable employment, and failing to report police contact. *See* PSR ¶ 42.

### C. *To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense – 18 U.S.C. § 3553(a)(2)(A)*

The instant offense is serious given the quantity of drugs and Davis's leadership role in the Detroit-based gang / drug trafficking organization. The public is suffering from methamphetamine addiction and crimes like the instant offense warrant a criminal justice response that promotes respect for the law and just punishment for the harm caused by those involved in the distribution of dangerous drugs. Davis's intertwined leadership role in a street gang significantly increases the seriousness of this offense and weighs in favor of a significant sentence.

### D. *To afford adequate deterrence to criminal conduct – 18 U.S.C. § 3553(a)(2)(B)*

The imposition of a meaningful sentence will deter future would-be criminals from operating a dangerous street gang that maintains itself, at least in part, by distributing large amounts of methamphetamine.

### E. *To protect the public from further crimes of the defendant – 18 U.S.C. § 3553(a)(2)(C)*

The risk to the public posed by Davis's release includes large amounts of methamphetamine, firearm possession, and gang violence. The Court previously recognized Davis's risk to the public when it ordered his detention. ECF Nos. 25, 69.

### V. Conclusion

For the reasons described above, the government respectfully submits that a sentence of 288 months is sufficient, but not greater than necessary, to achieve the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Julie A. Beck
Acting United States Attorney

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191

Dated: February 21, 2025

18

## **Certification of Service**

I hereby certify that on February 21, 2025, I electronically filed the foregoing using the ECF system, which will send notification of such filing to all ECF participants.

*s/Paul A. Kuebler*
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9641
paul.kuebler@usdoj.gov
P83191